## WOLFE v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. January 8, 1901.)

### No. 40.

CUSTOMS DUTIES—SCHIEDAM SCHNAPPS.

　Wolfe's Aromatic Schiedam Schnapps is dutiable under the tariff act of March 3, 1883, par. 99, as a proprietary preparation.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Edward Hartley, for appellant.

Chas. D. Baker, for the United States.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. In 1890 the appellant, under the name of Udolpho Wolfe's Sons & Co., imported into the port of New York certain "Wolfe's Aromatic Schiedam Schnapps." The collector assessed the duty upon the merchandise under paragraph 311 of the act of March 3, 1883, which reads as follows:

"Brandy and other spirits manufactured or distilled from grain or other materials and not specially enumerated or provided for in this act, two dollars per proof gallon."

The appellant protested against this classification upon the ground that the goods were dutiable as a proprietary preparation under paragraph 99 of the same act, which is as follows:

"Proprietary preparations, to wit: all cosmetics, pills, powders, trochees, or lozenges, sirups, cordials, bitters, anodynes, tonics, plasters, liniments, salves, ointments, pastes, drops, waters, essences, spirits, oils or preparations or compositions recommended to the public as proprietary articles, or prepared according to some private formula as remedies or specifics for any diseases or affections whatever, affecting the human or animal body."

The board of general appraisers held the goods dutiable under paragraph 313 of the same act, which was as follows:

"Cordials, liquors (liqueurs), arrack, absinthe, kirchwasser, ratafia and other similar spirituous beverages or bitters, containing spirits, etc., and not specially enumerated or provided for in this act, two dollars per proof gallon."

The circuit court, upon review of the decision of the board of general appraisers, held the article dutiable under paragraph 312 of the same act, which reads as follows:

"On all compounds, or preparations of which distilled spirits are a component part of chief value, not specially enumerated or provided for in this act, two dollars per proof gallon."

The article has long been imported into this country under the same name, in the same form of bottle, surrounded by labels and

recommendations, wrapped in pasteboard boxes, and styled, "Wolfe's Aromatic Schiedam Schnapps, a superlative tonic, diuretic, anti-dyspeptic, and invigorating cordial." The record does not disclose how long it has been imported under this name, but under the internal revenue act of July 1, 1862, the bottles were uniformly stamped as proprietary articles, as they also have been under the existing war revenue act of 1898. The article is sold in this country by the firm of Udolpho Wolfe's Sons & Co., mainly to wholesale druggists and dealers in patent medicines, is also sold to wholesale grocers, and has a distinctive reputation as a diuretic and tonic, as well as for purity of preparation. It is composed of gin, reduced in proof, sweetened and flavored. The act of 1883 omitted the words "medicines" and "medicinal" where they occurred in the corresponding section 2504 of the Revised Statutes and substituted for "medicines" the word "preparations" in one place, and "articles" in another. The supreme court, in Ferguson v. Arthur, 117 U. S. 482, 6 Sup. Ct. 861, 29 L. Ed. 979, examined the question of proprietary medicines, with reference to the proper classification of "Henry's Calcined Magnesia," a superior article of calcined magnesia, long known and long subjected to internal revenue stamps in England and in this country as a proprietary article. Many of the suggestions which led the court, speaking by Justice Blatchford, to regard it as a proprietary medicine, are applicable to the proprietary article now under consideration. The length of time during which Wolfe's Schnapps has had a peculiar reputation and distinctive character in this country, and during which it has been presented by the manufacturer as an article in which he had a proprietary right, is of importance in the decision of the case.

The decision of the circuit court is reversed.